IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHELIA ADAMS and JAMES ADAMS, et al., | § § § | |
| Plaintiffs, | § § | CASE NO. 2:09-CV-397-RSP |
| v. | § § | |
| PILGRIM'S PRIDE CORPORATION, | § § § | |
| Defendant | § | |

## MEMORANDUM ORDER

Currently before the Court are two motions in this matter. First, the defendant filed a Motion to Stay pending appeal on October 21, 2011 (Dkt. 324). Defendant has now appealed the Judgment entered under Rule 54(b) against defendant following the bench trial of the first group of plaintiffs. Defendant argues that it will aid judicial efficiency to await appellate review of their objections to that Judgment. Defendant concedes that it will likely take a year for such review to be completed. What defendant does not acknowledge is that any action by the Court of Appeals will not likely dispose of the remaining claims entirely. It is important to bear in mind that the remaining claims are brought by separate plaintiffs, who have not yet had their day in court and who should not have to await the outcome of even closely related claims brought by others.

This Court originally set all of the claims by all of the plaintiffs for trial serially beginning in June of 2011. (Dkt. 73). The Judgment under Rule 54(b) was entered before the last three groups of plaintiffs were reached for trial because the trial judge was set to retire and needed to enter his findings of fact and conclusions of law before doing so, in order to avoid the need for his successor to receive that evidence anew. This was not a situation where appellate

review was deemed necessary before proceeding with the remaining plaintiffs. Having reviewed the briefs and the record in this matter, the Motion to Stay is DENIED.

Second is the Motion by Plaintiffs filed on November 19, 2011 (Dkt. 336) for an Order to Show Cause Why Bond Should Not Be Set, which seeks to compel defendant to post an appeal bond. Defendant has apparently chosen to appeal without seeking a stay of enforcement of the judgment under Rule 62. Defendant appears to be willing to rely upon the Bankruptcy Court to protect it from efforts to collect on the Judgment while the appeal is pending. That is a choice defendant is entitled to make. Plaintiffs have cited no authority, and the Court is not aware of any, that would justify the Court in requiring a bond absent a stay under Rule 62. Accordingly, having reviewed the briefs and the record, this motion (Dkt. 336) is DENIED.

**SIGNED this 1st day of March, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE