**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CORELOGIC INFORMATION SOLUTIONS, INC. § § § v. § § FISERV, INC., et al. § § § | Case No. 2:10-CV-132-RSP |

**MEMORANDUM ORDER**

Plaintiff CoreLogic Information Solutions, Inc. claims that Defendant Interthinx, Inc. infringes U.S. Patent No. 5,361,201. Before the Court is Interthinx's Motion for Partial Summary Judgment Limiting Damages for Failure to Mark Under 35 U.S.C. § 287(a) (Dkt. No. 259, filed April 11, 2012). Interthinx believes that it is entitled to partial summary judgment limiting the applicable damages period because CoreLogic failed to mark. Having considered the briefing and evidence offered by the parties, Interthinx's motion for summary judgment is **DENIED**.

**APPLICABLE LAW**

**A.   SUMMARY JUDGMENT**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Summary judgment is proper when there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement

is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and identify the evidence demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

**B.    MARKING STATUTE**

A patentee may not recover damages for infringement that occurred before the patentee gave constructive or actual notice of its patent rights. *See* 35 U.S.C. § 287(a); *Sentry Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005). Constructive notice is given once the patentee consistently marks substantially all of its patented products. *Sentry*, 400 F.3d at 918 (internal quotations and citations omitted). The marking statute specifies several ways in which a patented product may be marked. *See* 35 U.S.C. § 287(a). For example, a product may be marked by affixing the word "patent," or the abbreviation "pat.," along with the number of the patent. *Id.* Constructive notice is required to be given if the patentee makes, offers for sale, sells or imports patented product in the United States. *Id.* If the patentee fails to give the required constructive notice, then the patentee may only recover damages after actual notice is given. The marking requirement also extends to any licensees, and the patentee must ensure that all of its

licensees properly mark their patented products. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). If a patentee's alleged failure to mark "is caused by someone other than the patentee, the court may consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements." *Id*. at 1111-12.

"Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). The notice "must be sufficiently specific to support an objective understanding that the recipient may be an infringer." *Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010). The filing of an infringement action provides such notice. 35 U.S.C. § 287(a). The patentee must prove its compliance with the marking statute by a preponderance of the evidence. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). Compliance with the marking statute is a question of fact. *See Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001).

## DISCUSSION

Interthinx argues that CoreLogic has asserted both system and method claims of the '201 patent, and therefore had a duty to mark. Dkt. No. 259 at 9. Interthinx contends that CoreLogic could have satisfied its duty by marking "its AVM reports, user interfaces, or web pages associated with its allegedly patented AVMs." *Id.* at 11. Because CoreLogic failed to mark any article with the '201 patent, Interthinx argues that the damages period must be limited to when it first received actual notice of infringement.

CoreLogic responds by arguing that it had no duty to mark because 1) the patented article was kept secret and was never made public, and 2) CoreLogic is only asserting method claims. Dkt. No 274 at 1-2. With respect it its first argument, CoreLogic contends that the only patented article made by CoreLogic is its proprietary, secret AVM computer system and software, which

it never sells or provides direct access to anyone outside of CoreLogic. Dkt. No. 274 at 2-3. CoreLogic's AVM systems "do not include a screen, user interface or a webpage." *Id.* at 3. Because the patented article never enters the public domain, CoreLogic maintains that it has no duty to mark. *Id.* at 5-9. CoreLogic argues that the AVM reports, the only thing it sells or provides access to, are not patented articles and thus it had no duty to mark the AVM reports. *Id.* As to its second argument, CoreLogic maintains that so long as it only asserts method claims at trial, it has no duty to mark.

Having considered the arguments and evidence cited by the parties, the Court finds that Interthinx has not established it is entitled to summary judgment that CoreLogic had a duty mark, and that it failed to so. There is a genuine issue of material of fact regarding whether there was a patented article that CoreLogic failed to mark. Therefore, Interthinx's motion for summary judgment is **DENIED**.

**SIGNED this 29th day of September, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE